UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN D. PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1769 AGF |
| ) | |
| AUTOMOTIVE RESOURCES ) | |
| INTERNATIONAL, INC., et al., ) | |
| ) | |
| Defendants ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court[1] on Defendants' motion to dismiss in light of another case filed in state court in Oklahoma, and alternatively, to dismiss one Defendant for failure to state a claim against him and for lack of personal jurisdiction over him. For the reasons set forth below, the motion shall be denied in its entirety.

The record establishes that on September 24, 2004, Plaintiff John Parks, a citizen of Oklahoma, filed an action in Oklahoma state court against Burlington Northern and Santa Fe Railway Co. ("BNSF"), a Delaware corporation, and several other corporations, including three related corporations: Automotive Resources International, Inc., a New Jersey corporation; Automotive Rentals, Inc., a New Jersey corporation; and Automotive Rentals, Inc., d/b/a/ Fleet Body Equipment with its principal place of business in Missouri (referred to collectively as "ARI"). Plaintiff, an employee of BNSF, alleged that he was injured at work in Missouri on November 17, 2003, when a boom truck, designed, manufactured, and assembled by ARI, rolled over.

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Plaintiff asserted claims of negligence and product liability against ARI and claims of negligence under the Federal Employees' Liability Act ("FELA") against BNSF. By the time a pre-trial conference was held on June 12, 2008, the only remaining defendants were BNSF and ARI. On June 30, 2008, Plaintiff filed a dismissal without prejudice as to ARI. It is undisputed that ARI's counsel was present before the state court judge when the dismissal was filed and did not challenge it. The case proceeded against BNSF, with a jury trial completed on October 20, 2008. According to Plaintiff's unopposed statement, the case settled during the second week of trial and the case has not been officially closed because the terms of the settlement have not yet been satisfied.

Plaintiff initiated the present lawsuit on November 14, 2008, against ARI and Michael Crump, an employee of Fleet Body Equipment and resident of Kansas. Plaintiff seeks damages for his injuries from the November 17, 2003 accident, claiming that each Defendant was negligent and negligent per se (in failing to comply with certain federal safety regulations) with regard to the design, manufacture, and assembly of the boom truck. He also asserts that each defendant is strictly liable for failure to warn Plaintiff of the defective nature of the boom truck. It is undisputed that the boom truck was manufactured and assembled in Missouri at Fleet Body Equipment and that Crump worked on it there.

For dismissal, Defendants first argue that this Court should abstain from exercising jurisdiction over this case because the Oklahoma case has never been closed and further assert that the voluntary dismissal of ARI from the Oklahoma case was ineffectual as it was not done in accordance with Oklahoma's procedural rules. This argument is without merit. Clearly, the Oklahoma court accepted the dismissal of ARI

from the case by proceeding to trial against only BNSF. There is no reason for this Court to dismiss the present law suit due to the state court case.

Defendants also argue that the complaint should be dismissed as to Crump for failure to state a claim against him, and alternatively, for lack of personal jurisdiction over him. Defendants assert that Crump's work on the boom truck was performed in the course and scope of his employment at Fleet Body Equipment and so he cannot be held individually liable and this Court cannot assert personal jurisdiction over him, as he had no contact with Missouri other than his work on the boom truck. These arguments are also without merit. For Crump to be liable, Plaintiff will have to prove Crump's own negligence, but there is no reason Crump cannot be named as a Defendant. "An individual is not protected from liability simply because the acts constituting the tort were done in the scope and course, and pertained to, the duties of his employment." State ex rel. Doe Run Resources Corp. v. Neill, 128 S.W.3d 502, 505 (Mo. 2004) (citation omitted). Moreover, because the boom truck was manufactured and assembled in Missouri, where Fleet Body Equipment has its principal place of business, and Defendant Crump worked on the boom truck at that location, the Court is unpersuaded that personal jurisdiction is lacking with respect to Defendant Crump under R.S.Mo. §506.500.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED**. [Doc. # 4]

*[signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of March, 2009.